## McClary v. Smalls

*Patricia A. Malley,* for plaintiffs.
*Michael Dignazio,* for defendant.

BATTLE, *J.,* January 3, 1996—The plaintiffs filed a civil complaint on or about October 16, 1995. The suit was commenced on behalf of a minor child by his guardians against Cynthia Smalls, a foster parent registered with Children and Youth Services of Delaware

County. The complaint alleges that the minor child was physically abused by the defendant while the child resided in her home between January 14, 1994 and February 15, 1994. Said child had been placed in the defendant's home through Children and Youth Services.

On November 6, 1995, the plaintiffs had subpoenas served upon both the custodian of records and on the administrator of the resource unit of the Delaware County Children and Youth Services, Joe Brandon. The subpoenas requested that Mr. Brandon supply the plaintiffs with essentially all records pertaining to the defendant, a foster care provider. CYS responds that the records are confidential and CYS is not required to divulge such information to the plaintiff; they cite state laws and regulations in support of their contention. The plaintiff responds that none of the regulations cited by the defendant provide any such confidentiality. Further, the plaintiff contends that the only limitation cited in the regulations is in regard to divulging the identity of the persons making the reports. The plaintiff states that all other information should be released.

The cited statutes relate to state social agencies and the accessibility which individuals may have to said records. While the cited rules do not expressly state that the plaintiff may not have access to the files, such an interpretation is implicit in the language of the rules.

The relevant portion of 23 Pa.C.S. §6335(b) states:

"*Access to information.* Except as provided in sections . . . 6340 (relating to release of information in confidential records) . . . no person, other than an employee of the department in the course of official duties in connection with responsibilities of the department shall at any time have access to any information in the pending complaint file or statewide central register."

55 Pa. Code §3490.91 reads:

"(a) Reports, report summaries and other accompanying information obtained under the CPSL, Child

Protective Service Law, and this chapter in the possession of the department, a county agency and a CPS, Child Protective Service, are confidential."

55 Pa. Code §3490.104 states that:

"Upon written request to a CPS . . . a subject of a report may receive at any time a copy of the reports filed with the CPS . . . The identity of the person who made the report or person who cooperated in a subsequent investigation may be released only under section 3490.91 (relating to persons to whom child abuse information should be made available)."

Those individuals which are allowed access to such information are then listed; said listing does not include the plaintiffs. This section, like section 3490.91, pertains to information regarding the children and parents who are recipients of CYS services and not to information regarding providers of CYS, particularly when the department holds those records in strict confidence.

Both 23 Pa.C.S. §6335(b) and 55 Pa. Code §3490.91 state that records obtained under the Child Protective Services Law and in the possession of the Department of Social Services are confidential. Access to confidential records is limited to a certain group of individuals; the plaintiffs are not among those listed.

Further, 55 Pa. Code §3130.44 refers to confidentiality of family case records. Subsection (D) allows information to be released upon request to a child's or a parent's attorney. Subsection (f) specifies that the information may be released as long as it does not contain information which violates the privacy of another individual or is protected or made confidential by law. This section refers to information in the file regarding the child and the parents of the child and not to information regarding the foster parent. Further, this section only applies to family case records which do not

include, according to section 3130.43, papers regarding allegations of abuse.

The plaintiff, in the case at bar, requests the following information pertaining to the defendant: applications to CYS, criminal history, homeowner's insurance, annual evaluations and other similar types of documentation; all of which are unrelated to the information regarding the alleged incident of abuse.

In support of their contention, the plaintiffs cite 23 Pa.C.S. §6340(b) which states in pertinent part that confidential reports shall be released to the subject child:

"At any time and upon written request, a subject of a report may receive a copy of all information, except that prohibited from being disclosed by subsection (c) contained in the statewide central register or in any report filed pursuant to section 6313 (relating to reporting procedure)."

This section, however, can be read in conjunction with sections 6339 and 6336(b) which deal with confidentiality of reports. 23 Pa.C.S. §6339 states:

"[R]eports made pursuant to this chapter, including, but not limited to, report summaries of child abuse and written reports made pursuant to section 6313(b) and (c) (relating to reporting procedure) as well as any other information obtained, reports written or photographs or x-rays taken concerning alleged instances of child abuse in the possession of the department, a county children and youth social service agency or a child protective service shall be confidential."

23 Pa.C.S. §6336(b) reads in pertinent part:

"Persons receiving information from the statewide central register or pending complaint file may be informed only as to (1) whether report is filed or indicated abuse or is under investigation (2) the number of such

reports (3) the nature of the alleged or actual instances of suspected abuse (4) county in which reports are investigated."

Accordingly, the plaintiff may only have access to relevant information pertaining to the alleged acts of child abuse. While it is true that section 6340(b) expressly states that recipient children and parents may have access to information contained in the defendant's record pertaining to the alleged incident, it does not allow them to have access to any other private records that CYS may have on file. Hence, under the given statutes, the plaintiffs are not entitled to receive the confidential records that they requested.

The plaintiffs go on to argue, however, that under *Commonwealth v. Kennedy,* 413 Pa. Super. 95, 604 A.2d 1036 (1992), the plaintiffs have a constitutional right to have access to the files regarding the defendant foster parent. *Commonwealth v. Kennedy* is a criminal case involving alleged sexual abuse. The court ruled that the defendant had a constitutional right to confront his accusers and that this right to confrontation outweighed the rape crisis center's interest in keeping their client records confidential. In the case at bar, the court is not dealing with a criminal case. The present case is civil, the right to confront one's accuser is therefore not applicable in this instance. The plaintiffs are not being accused of any criminal wrongdoing.

While the court is sensitive to the plaintiffs' request for information pertaining to this issue, the court also recognizes that the defendant has a constitutional right to privacy. This right, coupled with Children and Youth Services policy reasons for maintaining the records of foster parents confidential, are sufficient, when coupled with the given statutes, to outweigh the plaintiffs' request for said information.

14

For the foregoing reasons, the plaintiffs' motion for release of records of Delaware County Children and Youth Services is hereby denied.

## ORDER

And now, to wit, January 3, 1996, it is hereby ordered that any records in the possession of Children and Youth Services pertaining to Cynthia Smalls, foster parent, shall not be released to the plaintiffs in the above-captioned matter.